UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONRAI MEMORY LIMITED,<br><br>Plaintiff,<br><br>v.<br><br>WESTERN DIGITIAL TECHNOLOGIES, INC.,<br><br>Defendant.<br><br>KIOXIA CORPORATION and KIOXIA AMERICA, INC.<br><br>Movant-Intervenors | Case No.: CV 21-01040-CJC(JDEx)<br><br>ORDER DENYING PROPOSED INTERVENOR KIOXIA CORPORATION AND KIOXIA AMERICA, INC.'S APPLICATIONS TO SEAL [Dkts. 30, 40] AND DENYING PLAINTIFF'S APPLICATION TO SEAL [Dkt. 36] |

    Three applications to seal are pending before the Court: Proposed Intervenors Kioxia Corporation and Kioxia America, Inc.'s ("Kioxia") motion to intervene and

related exhibits (Dkt. 30), Plaintiff Sonrai Memory Limited's Opposition to Kioxia's motion to intervene and related exhibits (Dkt. 36), and Kioxia's reply in support of its motion to intervene (Dkt. 40).  All three motions seek to seal information pertaining to Kioxia's relationship with Defendant Western Digital Technologies, Inc. as well as information relating to Defendant's and Kioxia's customers.

"The public has a general right to inspect and copy judicial documents so that it can monitor how public agencies work." *See Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7, 598 (1978)).  There is a strong presumption of public access to documents falling outside a narrow class of documents—such as grand jury transcripts and warrant materials in pending pre-indictment investigations—that have "traditionally been kept secret for important policy reasons." *See id*.  To overcome the strong presumption of public access to judicial documents, a party seeking to seal such documents in dispositive motions must "articulate[] compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Id*. at 1178-79 (internal citations and quotation marks omitted).  For non-dispositive motions, the party must provide good cause to seal.  *See Ctr. For Auto Safety v. Chrysler Grp.*, LLC, 809 F.3d 1092, 1096 (9th Cir. 2016).  The court reviewing the request to seal must balance the competing interests of the public and the party making the request.  *See Kamakana*, 447 F.3d at 1178-79.  The fact that the records may be embarrassing, or incriminating, or may expose a litigant to more litigation does not by itself require the court to seal the records.  *Id.*

Local Rule 79-5.2.1(a)(ii) provides that "[i]n the absence of prior express authorization to file a case under seal, the filer must present to the Clerk for filing in paper format: (1) the case-initiating document(s); (2) an Application for Leave to File

Case Under Seal; (3) a declaration establishing good cause or demonstrating compelling reasons why the strong presumption of public access in civil cases should be overcome; and (4) a proposed order."

Here, Kioxia and Plaintiff accurately state that both parties must show good cause on an application to seal with respect to Kioxia's motion to intervene in this case. *See Ctr. For Auto Safety*, 809 F.3d at 1096-97 (9th Cir. 2016). "Good cause is established on a showing that disclosure will work a clearly defined and serious injury to the party seeking closure. The injury must be shown with specificity." *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994) (quoting *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984)).

In its application to seal portions of its motion to intervene and declarations in support thereof, Kioxia explains that the portions it seeks to seal "contain non-public confidential, proprietary, and commercially sensitive business information of Kioxia that relates to details of Kioxia's customer relationships and details regarding Kioxia's product design activities." (Dkt. 30 [Kioxia Application to File Under Seal] at 1.) Kioxia also maintains that "[i]f these sensitive details were to become publicly available, it could cause competitive harm to Kioxia's business operations, or provide an improper advantage to others, including Kioxia's competitors." (*Id.* at 1-2.) Kioxia provides declarations from two of its employees that do little more than repeat the exact language in Kioxia's application in support for its application to seal. Plaintiff's application to seal is largely predicated upon the reasons Kioxia provides in its application to seal. (Dkt. 36 [Plaintiff's Application for Leave to File Under Seal Portions of its Opposition to Kioxia's Motion to Intervene] at 1-2.) And Kioxia's second application to seal, with respect to its reply brief, largely repeats the reasoning in its first application. (Dkt. 40 [Proposed Intervenors Kioxia Corporation and Kioxia America, Inc.'s Application for Leave to File Under Seal Portions of Its Reply] at 1-2.)

The Court is not convinced that good cause exists to grant any of the applications to seal.  First, the Court notes that the reasons provided within Kioxia and Plaintiff's applications contain little more than boilerplate, conclusory phrases regarding "confidential sensitive business information[.]" *See Overpeck v. FedEx Corp.*, 2021 WL 879844, at *4 (N.D. Cal. Mar. 9, 2021) ("A sealing proponent must do more than offer bare assertions that evidence is sensitive – it must provide a concrete reason for overcoming the presumption in favor of public access.").  Second, the applications merely suggest the possibility that Kioxia could be harmed if the proposed sealed information is made public.  *See Pansy*, 23 F.3d at 786 (quoting *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986)) ("'Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning,' do not support a good cause showing.")  Third, the Court notes that Kioxia is actively seeking to become a part of the present litigation. (Dkt. 32 [Kioxia's Motion to Intervene].)  Part of the reasoning Kioxia provides to support its argument for intervention is the exact information it seeks to seal now.  If Kioxia is permitted to intervene, the proposed sealed information will almost certainly be part of the reason, tipping the balance towards disclosure.

For the foregoing reasons, Kioxia's applications to seal and Plaintiff's application to seal are **DENIED**.  The parties are ordered to file unredacted versions of their documents within seven (7) days of the date of this order.

DATED:     September 15, 2021

_____
CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE