IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **SONRAI MEMORY LIMITED,**<br>    **Plaintiff,**<br><br>    *v.*<br><br>**WESTERN DIGITAL TECHNOLOGIES, INC.,**<br>    **Defendants.** | 6:21-cv-01168-ADA |

**ORDER GRANTING WESTERN DIGITAL TECHNOLOGIES, INC.'S
OPPOSED MOTION TO STAY PENDING RESOLUTION OF *INTER PARTES* REVIEW**

Came on for consideration this date is Defendant Western Digital Technologies, Inc.'s Opposed Motion to Stay Pending Resolution of *Inter Partes* Review of All Asserted Claims of the Asserted Patent, filed April 4, 2022. ECF No. 91 (the "Motion"). Plaintiff Sonrai Memory Limited ("Sonrai") filed an opposition on May 2, 2022, ECF No. 98, to which Defendant Western Digital Technologies, Inc. ("WD") replied on May 16, 2022, ECF No. 99. Sonrai and WD each filed additional notices relevant to *inter partes* review ("IPR") proceedings on May 25, 2022 and June 10, 2022. ECF Nos. 101, 102. After careful consideration of the Motion, the parties' briefing, and the applicable law, the Court **GRANTS** WD's Opposed Motion to Stay Pending Resolution of *Inter Partes* Review of All Asserted Claims of the Asserted Patent, ECF No. 91.

**I. BACKGROUND**

Sonrai filed this Action on June 11, 2021, alleging that WD infringes U.S. Patent Nos. 6,724,241 (the "'241 patent"), 6,920,527 (the "'527 patent"), and 7,436,232 (the "'232 patent") (collectively, the "Asserted Patents"). *See* ECF No. 1. Less than two months later, WD began petitioning the Patent Trial and Appeal Board ("PTAB") for IPRs of the Asserted Patents. It filed IPR petitions challenging the '232 patent, the '241 patent, and the '527 patent on August 5, 2021,

1

September 22, 2021, and December 6, 2021, respectively.[1] The PTAB instituted on these petitions February 11, 2022, March 23, 2022, and June 8, 2022, respectively. *See* ECF No. 102 at 2–3. WD represents that the PTAB instituted on all grounds against all asserted claims of the '232 patent, all grounds against all asserted claims of the '241 patent, and all grounds against all asserted claims of the '527 patent. *See* ECF No. 102 at 1–2.

The Court held a *Markman* hearing in this Action on February 25, 2022, and fact discovery opened the next day. *See* ECF No. 62, 83. On April 4, 2022, WD filed the instant Motion seeking a stay of this Action pending final resolution of the three IPR proceedings. The PTAB is expected to issue final written decisions ("FWDs") on the IPRs on February 11, 2023 for the '232 patent, March 23, 2023 for the '241 patent, and June 8, 2023 for the '527 patent. ECF No. 102 at 1. And this Court, in accordance with its default scheduling order, has set trial for February 20, 2023. *See* ECF No. 103.

## II. LEGAL STANDARD

"District courts typically consider three factors when determining whether to grant a stay pending inter partes review of a patent in suit: (1) whether the stay will unduly prejudice the nonmoving party, (2) whether the proceedings before the court have reached an advanced stage, including whether discovery is complete and a trial date has been set, and (3) whether the stay will likely result in simplifying the case before the court." *NFC Tech. LLC v. HTC Am., Inc.*, No. 2:13-cv-1058, 2015 WL 1069111, at *2 (E.D. Tex. Mar. 11, 2015); *see also CyWee Grp. Ltd. V. Samsung Elecs. Co.*, No. 2:17-CV-00140-WCB-RSP, 2019 WL 11023976, at *2 (E.D. Tex. Feb. 14, 2019) (Bryson, J.).

---

[1] WD filed these with co-petitioners, including defendants in related cases Sonrai filed in this Court.

## III. ANALYSIS

### A.   Undue Prejudice to the Non-moving Party

The Court finds that a stay would inflict undue prejudice upon non-movant Sonrai for at least the following two reasons.

First, a stay risks the loss of testimonial and documentary evidence potentially valuable to Sonrai's case. *See Allvoice Developments US, LLC v. Microsoft Corp.*, No. 6:09-CV-366, 2010 WL 11469800, at *4 (E.D. Tex. June 4, 2010) (holding that a stay of ten months would "create a substantial delay that could cause prejudice by preventing Plaintiff from moving forward with its infringement claims and by risking the loss of evidence as witnesses become unavailable and memories fade"); *Allure Energy, Inc. v. Nest Labs, Inc.*, No. 9-13-CV-102, 2015 WL 11110606, at *1 (E.D. Tex. Apr. 2, 2015); *Anascape, Ltd. v. Microsoft Corp.*, 475 F. Supp. 2d 612, 617 (E.D. Tex. 2007) (holding that delay also risks making witnesses harder to find).

Some factors may diminish this risk, like where the requested stay is of a brief and definite duration. That factor is missing here where the requested stay extends to the conclusion of any appeals from WD's IPRs, which will almost certainly drag on for the better part of a year *after* the FWDs. *See Multimedia Content Mgmt. LLC v. Dish Network*, No. 6:18-CV-00207-ADA, 2019 U.S. Dist. LEXIS 236670, at *5 (W.D. Tex. May 30, 2019) (noting the length of appeal and the statutory scheme's provision for delaying a FWD by six months if necessary).

The risk is less pronounced where the proceeding-to-be-stayed and the parallel proceeding implicate discovery of a similar scope and evidence in the latter can later be used in the former. *Cf. Kirsch Research & Dev., LLC v. BlueLinx Corp.*, No. 6:20-cv-00316-ADA, 2021 U.S. Dist. LEXIS 191694, at *12 (W.D. Tex. Oct. 4, 2021) (suggesting that a manufacturer suit may preserve evidence relevant to a customer's suit). These factors are typically not implicated in motions to stay pending IPR because IPRs have limited scope—only patentability based on published prior

art—and even more limited discovery. *See* 35 U.S.C. § 311(b) (providing the limited scope of patentability challenges in an IPR petition); 37 C.F.R. § 42.51 (providing the limited scope of discovery in IPR proceedings).

The second reason a stay may unduly prejudice Sonrai is that Sonrai, like all patentees, has an interest in the timely enforcement of its patent rights. *See Kirsch Research & Dev., LLC v. Tarco Specialty Products, Inc.*, No. 6:20-CV-00318-ADA, 2021 WL 4555804, at *2 (W.D. Tex. Oct. 4, 2021) (citing *MiMedx Group, Inc. v. Tissue Transplant Tech. Ltd.*, No. SA-14-CA-719, 2015 WL 11573771, at *2 (W.D. Tex. Jan 5, 2015)). The Federal Circuit has long held that "[r]ecognition must be given to the strong public policy favoring expeditious resolution of litigation." *Kahn v. GMC*, 889 F.2d 1078, 1080 (Fed. Cir. 1989); *see also United States ex rel. Gonzalez v. Fresenius Med. Care N. Am.*, 571 F. Supp. 2d 758, 763 (W.D. Tex. 2008) ("[T]he compensation and remedy due a civil plaintiff should not be delayed." (quoting *Gordon v. FDIC*, 427 F.2d 578, 580 (D.C. Cir. 1970))). Congress has recognized as much, establishing the PTAB to provide a forum for the "quick" resolution of patent disputes. *See, e.g.*, *Ethicon Endo-Surgery, Inc. v. Covidien LP*, 826 F.3d 1366, 1367 (Fed. Cir. 2016). The impact of this interest is diminished here because: the PTAB is slated to issue its earliest FWD before this Court is scheduled to try this case; and a stay "would merely delay Plaintiff's potential monetary recovery."[2] *Kirsch Rsch. & Dev., LLC v. Tarco Specialty Prod., Inc.*, No. 6:20-CV-00318-ADA, 2021 WL 4555804, at *2 (W.D. Tex. Oct. 4, 2021).

Given the foregoing, this factor slightly weighs against granting a stay.

---

[2] To be clear, seeking only monetary relief does not mean that a stay would not prejudice a plaintiff whatsoever.

4

### B. Stage of the Proceedings

The advanced stage of this Action counsels against a stay. "[I]f protracted and expansive discovery has already occurred, or the court has expended significant resources, then courts have found that this factor weighs against a stay." *CANVS Corp. v. United States*, 118 Fed. Cl. 587, 595 (2014). This case is no longer in its early stages. The *Markman* hearing occurred February 25, 2022, two months before WD filed its Motion. *See* ECF No. 83. The Court has resolved WD's motion to sever and stay portions of this Action under the customer-suit exception. *See* ECF No. 81. And trial has been set. *See* ECF No. 103. The Court has expended significant resources getting to this point and is prepared to usher this Action to trial. On the other hand, WD filed its Motion early into fact discovery, which weighs in WD's favor.

Given the foregoing, this factor weighs against granting a stay.

### C. Simplification of Issues

Finally, the Court considers whether a stay will simplify the issues in this Action. This is the "most important factor" in the stay analysis. *Tarco*, 2021 WL 4555804, at *3 (citing *NFC Tech.*, 2015 WL 1069111, at *4). Under this factor, the Court will typically weigh: the scope of estoppel the movant is bound by; and the strength of the relevant IPR petition in the context of the asserted claims. As a general matter, the PTAB's suggestion that an IPR petition contains strong grounds for invalidating all the asserted claims, combined with the movant's acceptance of a broad estoppel, suggests that a stay would simplify issues.

1. <u>Scope of Estoppel Attaching to WD</u>

Section 315(e) of Title 35 subjects IPR petitioners to estoppel once the PTAB issues a FWD. WD will be estopped from asserting in district court that the claims the PTAB subjected to IPR are invalid over the obviousness combinations instituted upon *and* any grounds WD

reasonably could have asserted against those claims in its IPR petitions. *See Cal. Inst. of Tech. v. Broadcom Ltd.*, 25 F.4th 976, 991 (Fed. Cir. 2022). This is a fairly broad estoppel.

       2.   <u>Strength of WD's IPR Petitions</u>

The degree to which this Action will be simplified is a function of not just the scope of estoppel attached to WD, but also how many asserted claims survive the FWD. Assuming the WD IPR reaches a FWD, there are only three outcomes relevant for our purposes: all the asserted claims fall; all the asserted claims survive; or some of the asserted claims survive.

As to the first outcome, it is undoubtedly true that a FWD judging all the asserted claims unpatentable would dispose of this Action (assuming WD can defend its victory on appeal). *See Tarco*, 2021 WL 4555804, at *3. As to the second outcome, such a result would narrow the universe of prior art asserted before this Court, but it would still permit WD to take another bite at the invalidity apple. Estoppel under § 315(e) is broad but would not foreclose WD from challenging the asserted claims using system prior art or applicant admitted prior art ("AAPA")—maybe even combined with prior art publications used in the IPRs. Sonrai notes that WD's invalidity contentions already include reference to system prior art. ECF No. 98 at 7. It is unclear how forcing the defendant to rely on other prior art for its invalidity case constitutes a "simplification" of the invalidity issue as opposed to simply a second chance to invalidate the asserted claims with art that may be better than what the defendant could submit to the PTAB. *See USC IP P'ship, L.P. v. Facebook, Inc.*, No. 6-20-CV-00555-ADA, 2021 WL 6201200, at *2 (W.D. Tex. Aug. 5, 2021). It is unlikely, then, that this Action would be much simplified where the WD IPRs leaves all asserted claims unscathed. The third outcome, in which only some claims survive, is an improvement upon the second in that it would narrow not only the universe of prior art, but also the number of asserted claims. As with the second outcome, it would still permit WD to put on an invalidity case under §§ 102 or 103.

To better gauge what outcome to expect from a FWD, and therefore what degree of simplification to expect from a stay, the Court looks to the relevant institution decision. For this factor to favor granting a stay, the movant "must show more than a successful petition, they must show that the PTAB is likely to invalidate every asserted claim." *Tarco*, 2021 WL 4555804, at *3 (quoting *Scorpcast v. Boutique Media*, No. 2:20-cv-00193-JRG-RSP, 2021 WL 3514751, at *3 (E.D. Tex. June 7, 2021)). WD has done that.

The PTAB instituted IPR proceedings against the only asserted claim of the '232 patent, claim 14. The petition challenged that claim on three grounds. The institution decision stated that that Petitioner showed a reasonable likelihood that it would prevail in showing that claim 14 is unpatentable on WD's one anticipation ground and WD's two obviousness grounds. ECF No. 91-2 at 21, 25. Moreover, the Court notes that the PTAB provided an element-by-element analysis, resolving most, if not all, disputes in WD's favor. *See generally id.*

The PTAB instituted IPR proceedings against all asserted claim of the '241 patent: claims 1–3, 6–8, and 11. The petition challenged those claims on at least two grounds each. The institution decision found that the petitioner had demonstrated a reasonable likelihood of succeeding in showing claims 1, 7, and 8 anticipated over one ground. *See* ECF No. 91-3 at 10–11. The decision further determined that "Petitioner sufficiently demonstrates a reasonable likelihood of succeeding in its additional challenges," that is, all other grounds of unpatentability. *Id.* at 12.

The PTAB instituted IPR proceedings against all asserted claims of the '527 patent: claims 1–6, 9–12, 15, and 17. The petition challenged those claims on at least two grounds each. The institution decision stated that "Petitioner demonstrates a reasonable likelihood of prevailing in showing that claims 1–6, 9–12, 15, and 17 are unpatentable over the asserted prior art." ECF No. 102-1, Ex. 1 at 13.

This case is closer to *Tarco*, 2021 WL 4555804, at *3, than to *Sonrai Memory Ltd. v. LG Elecs. Inc.*, No. 6:21-CV-00168-ADA, 2022 WL 2307475, at *5 (W.D. Tex. June 27, 2022). In the former, the Court granted a stay based in part on the institution decisions "explicitly f[inding] a reasonable likelihood that the two asserted claims were both invalid on four distinct grounds each," and the existence of two other pre-institution IPR petitions pending against the asserted claims. *Tarco*, 2021 WL 4555804, at *3. In the latter, the Court denied a stay in part because the institution decision provided little analysis and explicitly stated that the petition established a reasonable likelihood it would prevail in rendering one independent claim obvious on one ground while omitting similar statements from its evaluation of other grounds *and* other independent claims. *LG*, 2022 WL 2307475, at *5.

The institution decisions in WD's IPRs lay stronger approbation on all the asserted claims and all the challenged grounds than did the decisions in the *LG* case. To be sure, the institution decisions on the '241 and '527 patents are not painstaking analyses of the challenged claims or grounds, but that is no doubt due to Sonrai's failure to mount an exhaustive defense in its preliminary patent owner responses. Sonrai did not even file a response to WD's petition against the '241 patent. Like the *Tarco* institution decisions, those at issue here explicitly note how multiple grounds present a reasonable likelihood of unpatentability for each asserted claim.

Given the foregoing, this factor weighs in favor of granting a stay.

### IV. CONCLUSION

The Court finds that, in this case, the simplification-of-issues factor overwhelms the other two factors. Though this case is in an advanced stage, the PTAB will issue its earliest FWD before this case makes it to trial, which attenuates the prejudice a stay would inflict upon Sonrai. The Court finds that, given the number of grounds the PTAB instituted IPR upon for each of the asserted claims, there is a good chance the PTAB will find the asserted claims unpatentable. The


risk that continued litigation of this Action will be wasteful now dominates the strong concerns that a stay will prejudice Sonrai, though *only* just.

For the foregoing reasons, the Court will exercise its discretion to **GRANT** WD's Opposed Motion to Stay Pending Resolution of *Inter Partes* Review of All Asserted Claims of the Asserted Patent, ECF No. 91. It is therefore **ORDERED** that the above-captioned matter is **STAYED** pending final resolution of the proceedings in IPR2021-01354, IPR2021-01561, IPR2022-00255.

Until the stay is lifted, WD is instructed to enter notices onto the docket when: (1) each proceeding reaches a FWD; (2) when either party appeals any such FWD; and (3) when an order issues from any such appeal.

SIGNED this 4th day of August, 2022.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE